# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARL RALPH EICHORN, JR.,**

    **Petitioner,**

    **v.**                                                       **Case No. 14-CV-1164**

**WARDEN KEMPER,**

    **Respondent.**

## RULE 4 ORDER

The petitioner, Carl Ralph Eichorn, Jr. ("Eichorn"), who is currently incarcerated at the Racine Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Eichorn has paid the statutory $5 filing fee and the Court shall now screen the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

In his petition, Eichorn states that he was convicted of stalking in Milwaukee County Circuit Court on September 22, 2008. He is serving a sentence of four years and tenth months, comprised of 22 months of initial confinement and 36 months of extended supervision. Following his conviction, he appealed to the Wisconsin Court of Appeals. He states that he did not seek review in

the Wisconsin Supreme Court. He challenges his petition on one ground: that he was framed (there were two lies in the complaint). In the relief requested, Eichorn states that he would like a letter of not guilty sent to him. I also note that since filing his petition, Eichorn sent a letter stating he would like his record expunged. (*See* Docket # 5.)

Construed liberally, Eichorn's ground for habeas relief, therefore, is that he is actually innocent of the crime of which he was convicted. Though "actual innocence" can sometimes excuse procedural default or an untimely filing, "it is not in itself a 'claim' upon which § 2254 relief may be founded, other than as a due process challenge to the sufficiency of the evidence." *Edmondson v. Baenen*, No. 13-C-513, 2013 WL 2450095, *3 (E.D. Wis. June 5, 2013); *see also Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation in the underlying state criminal proceeding."); *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 72 (2009) (explaining that the Court "[has] struggled with [the question of whether actual innocence constitutes a stand alone claim]" and, "in some cases," has assumed, *arguendo*, "that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet."). Federal courts may only grant habeas relief where the state court relied on an unreasonable application of federal law or made an unreasonable determination of the facts, and, in theory, an actually innocent person can be convicted without constitutionally inadequate procedures. 28 U.S.C. § 2254; *see Edmondson*, 2013 WL 2450095 at *3. Stated another way, "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 400. "As such, a claim of 'actual innocence' does not itself set forth a cognizable claim on § 2254 review." *Id.* (citing

*Szymanski v. Cooke*, 1998 WL 516767, *1 (7th Cir. 1998) ("Even actual innocence of a crime does not support relief under 28 U.S.C. § 2254.")). Because Eichorn has not set forth a cognizable constitutional or federal law claim, his petition will be dismissed.

The only remaining issue is whether to issue a certificate of appealability as required by Rule 11 of the Rules Governing Section 2254 Cases. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4). Here, Eichorn has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find it debatable as to whether an independent actual innocence claim is cognizable on federal habeas review. Therefore, I will not issue a certificate of appealability.

**THEREFORE, IT IS ORDERED** that the petition is summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS ALSO ORDERED** that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that the Clerk of Courts enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 23rd day of October, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge